By the Court.—Curtis, J.
The defendant contends that the facts in this case, were only partially disclosed on the motion for leave to set up the attachment proceedings, and on the appeals from the order denying that application. The case now shows, what did not then appear, that on October 7, 1874, the day after receiving the executions, the defendant made a levy on sufficient property of the judgment debtor to cover them. This additional circumstance, fails to make apparent any reason or excuse for the omission by the sheriff to comply with the provision of the statute requiring him to return the execution. In the opinion of Church, Ch. J., in the decision of the court of appeals on the defendant’s motion, the duties *204 of the defendant as sheriff in respect to returning tills execution were strongly intimated in this language : “The sheriff was required by statute to return the execution, and the service of the attachment did not dispense with that duty. There was nothing in the attachment, or the statute relating to that remedy to prevent his levying upon property and making the money upon the execution. If the attachment operated at all upon his duty in respect to the execution, it was as to paying over the money to the plaintiff. The attachment law did not prevent the collection of the execution, and the latter process expressly required it,”
This view seems to leave very little room for the defendant to consider how his duty in respect to the execution is affected b.y the attachments, until after he has returned the executions and has the money thereunder to pay to the plaintiff.
The defendant takes the position, that though the attachments and proceedings under them may not have been a defense to the plaintiff’s action, yet that they constituted proper evidence in mitigation of damages. The case does not show that the attention of the court at the trial was called specifically to this, or that there is an exception to any ruling of the court, in regard to it, unless it comes within the scope of the defendant’s request to the court, to charge that the plaintiff is only entitled to nominal damages, and his exception to the refusal of the court to so charge. But assuming it to be in the case, it is difficult to see how it can be made consistent with any rule as to what may be proved in mitigation of damages. For obvious reasons the courts have jealously defined the bounds of the introduction of this class of evidence. It is never available to excuse bad faith, or wilful or wanton violations of the law. To establish as a precedent, that a sheriff when sued for refusing to return an execution, *205 under which he has made an ample levy and one that fully indemnifies him for any possible liability by reason of such non-return, should be allowed to go to the jury with evidence of this in mitigation of damages, would be inconsistent with well settled principles. Such a case presents no features analogous to those which have induced courts so far to relax the rule, that a sheriff may reduce the measure of damages in an action for non-return, by showing that the judgment debtor had no property out of which the execution could have been made. As to the views advanced in reference to the sheriff being a stakeholder, and that though lie may make the money on an execution the first day it is issued, he has a right to hold it until the sixtieth day, or as to any other right he may have other than to diligently proceed with and return the process, the language of Church, Ch. J., in reference to the sheriff’s conduct with this execution, in the opinion above cited, is relevant: “ It was six weeks after its delivery to Mm before the attachments were served, and then he took the responsibility of keeping the execution and neglected to make any return. The sheriff had no such right of his own motion, and without the direction of the court. Such a course nrght prevent the collection of the execution, and also defeat the benefit of the attachment.”
No question is before us as to the validity of these attachments. If the suits in which, they are issued result adversely to the plaintiffs, or if the defendant gives the undertakings specified by the Code, §§ 140, 141, they are discharged. If they are in force, when the money is ready to be paid to the plaintiff on the executions, then if at all, the attachment operates upon the duty of the sheriff in respect to the executions, and then the court may see fit to stay the proceedings, or to direct the retention of the money in the sheriff’s custody, or to order that it be paid into court, protect *206 ing the rights of all parties until their respective interests are determined.
The question that the plaintiff is estopped by her own acts is raised by the defendant. It is argued, that she having succeeded in getting the injunction restraining proceedings on this execution granted in a suit brought against her by the execution debtors set aside, on the ground that the attachments were a valid lien, she is now estopped from saying that the attachments are of no avail. It is a sufficient answer to this, that the sheriff has not so far proceeded in the discharge of his duty under the execution, as, to be in a position to present any question before the court as to the availability of the attachments. But upon a reference to this answer in the injunction suit, it is not easy to discover wherein the validity of these attachments is asserted. She alleges in regard to them that they were ‘ ‘ wrongfully - and fraudulently applied for and obtained,” and also further alleges, “that the said attachments, as this defendant is advised and believes, are utterly void, and are a part and parcel of the conspiracy between the plaintiffs, and the members of the said other two firms, to cheat, defraud, and ruin her, which said conspiracy was commenced on or about the 8th of December, 1869, by the issuing of the said thirteen attachments out of the said marine court, and was, and is continued by means of said three attachments last above mentioned, and by instituting this suit.”
This answer in the suit (and in which there was judgment for the defendant) does not sustain the theory, that she therein so far elected to treat the attachments as binding, that by such act she constituted against herself an equitable estoppel from claiming the full amount of her execution as the measure of her damages! or from claiming under the circumstances anything more than nominal damages. It is true as *207 claimed, no evidence in respect to this alleged estoppel, was presented to the court when certain questions in this case were passed upon by the general term and the court of appeals, but it affords no ground for any different construction being put upon it,. than that arrived at by the learned judge at the trial.
The point is taken, that the plaintiff commenced her action prematurely, and in violation of the injunction in the suit against her. Even if this was so, it is late at this stage of the controversy, and in this way, for the defendant to set this up. The case discloses the existence of one or two injunctions or stays that were soon vacated, but fails to show any such breach on the plaintiff’s part, as is claimed in consequence of the commencement of this suit. The sheriff being also a party defendant in the injunction suit, if prejudiced, might have applied to the court for its discharge, and insisted upon having a proper undertaking to compensate him for any loss he might thereby be subjected to. It is not consistent with the policy of the law, after this long delay on his part, that one of his co-defendants in such injunction suit should be cut off from her remedy in another action after judgment and execution therein, by reason of his setting up that its commencement was an act of disobedience on her part to such injunction. The claim that the sheriff did not have time to advertise six days, and sell property under the levy, by reason of the injunctions, has to be considered in connection with the fact that the levy was made October 7th, 1874, the day after he received the executions, and that the first injunction was issued on the sixtieth day after such receipt. It is apparent, that he had neglected to proceed under his levy, and neither then, nor afterwards, did he take steps to sell; this neglect, db initio, of duty, does not favor the plea that he was prevented by the injunctions from proceeding. The facts disclosed by the evidence in the case *208 fail to show that the plaintiff was entitled to only nominal damages, or that the defendant should have been allowed to go to the j nry, on the question of da m - ages.
The judgment appealed from, should be affirmed with costs.
Sanford, J., concurred.